**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-cv-22531-ALTMAN/Hernandez**

**GLOBAL APPROACH, INC.**,

*Plaintiff*,

*v.*

**SCOTTSDALE INSURANCE COMPANY**,

*Defendant*.
_______________________________________/

# REPORT AND RECOMMENDATION

Before us is Defendant Scottsdale Insurance Company's ("Defendant") unopposed motion to tax costs pursuant to Rule 54(d), and 28 U.S.C. § 1920, [ECF No. 50] ("Motion"), and its accompanying bill of costs, [ECF No. 51]. Having reviewed the Motion, supporting documents, and being advised in the premises, we respectfully recommend that Defendant's Motion be **GRANTED**.

## I. LEGAL FRAMEWORK

Prevailing parties should be awarded costs as a matter of course unless otherwise directed by the Federal Rules, court order, or statute. *See* Fed. R. Civ. P. 54(d)(1). Rule 54(d) creates this presumption in favor of awarding costs to the prevailing party. *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). Such presumption, however, is not without limits and courts may only tax costs as authorized by statute. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

Title 28, United States Code, Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). Section 1920 provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Witness fees are statutorily mandated by Section 1920, but the amount of witness fees and taxable costs are governed by 28 U.S.C. § 1821. Section 1821(a)(1) provides:

> [A] witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.
>
> 28 U.S.C. § 1821(a)(1).

In this case, Defendant is the prevailing party, [ECF Nos. 48 & 49], and the time to respond to the Motion has expired. Moreover, Plaintiffs do not oppose the Motion. [ECF No. 50 at 5]. Even so, the Court has an independent obligation to ensure that the costs awarded are proper under Section 1920. *See Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1325 (S.D. Fla. 2015) ("[T]he Court has an independent obligation to review . . . bills of costs to independently determine whether . . . the costs sought to be taxed are properly taxable pursuant to the cost statute.").

## II. Analysis

Defendant seeks $1,156.70 in costs, [ECF No. 50 at 4], apportioned as follows:

| | |
|---|---|
| Fees for service of summons and subpoena: | $195.00 |
| Fees for transcripts: | $961.70 |

[ECF No. 51 at 1].

The service of process fees for three witnesses at $65 each are taxable costs and should be awarded. 28 U.S.C. § 1920(1). The same is true of printed transcripts and the stenographer's attendance fee for transcripts necessarily obtained for use in the case. *Whittier v. City of Sunrise*, No.

07-60476-CIV, 2008 WL 5765868, at *5 (S.D. Fla. Dec. 3, 2008) (finding that under § 1920, the transcript and attendance fee of the court reporter are recoverable), *report and recommendation adopted*, No. 07-60476-CIV, 2009 WL 799432 (S.D. Fla. Mar. 24, 2009); *George v. Fla. Dep't. of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, *6 (S.D. Fla. May 23, 2008), *report and recommendation adopted in part*, No. 07-80019-CIV, 2008 WL 11412061 (S.D. Fla. July 7, 2008).

Here, Defendant has supported these fees with an itemized cost report, along with relevant invoice numbers, and the fees are reasonable. *See* [ECF No. 50-2 at 1–2; ECF No. 51-1 at 1–2]. As to the transcripts, Defendant represents that they were for witnesses with knowledge central to the case and so "were reasonably necessary to provide reference and support for [Defendant's] Motion for Summary Judgment." [ECF No. 50 at 4]. The Court notes that Defendant filed a successful Motion for Summary Judgment, which was supported in part by deposition transcripts of five witnesses. [ECF Nos. 26-2; 26-3; 26-7; 26-8; 26-9].

Accordingly, we recommend that the Motion be **GRANTED**.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Roy K. Altman, United States District Court Judge for the Southern District of Florida, within **14 days** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2026).

**DONE AND RECOMMENDED** in the Southern District of Florida on July 16, 2026.

**YENEY HERNANDEZ**
**UNITED STATES MAGISTRATE JUDGE**

cc: counsel of record