**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-cv-22531-ALTMAN/Hernandez**

**GLOBAL APPROACH**,

*Plaintiff*,

*v.*

**SCOTTSDALE INSURANCE COMPANY**,

*Defendant*.
_________________________________/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On June 1, 2026, we granted the Defendant's Motion for Summary Judgment [ECF No. 50]. *See* Order Granting Summary Judgment [ECF No. 48]; *see also* Final Judgment [ECF No. 49]. On July 27, 2026, the Defendant moved for Attorney Fees (the "Motion") [ECF No. 54]. On September 29, 2026, U.S. Magistrate Judge Yeney Hernandez issued a Report and Recommendation (the "Report") [ECF No. 58], suggesting that we grant in part and deny in part the Motion.

Under Local Magistrate Rule 4(b), parties have fourteen (14) days from the date of being served with a copy of a Report and Recommendation within which to file written objections with the relevant United States District Judge. *See also* FED. R. CIV. P. 72(b)(3). Here, the fourteen-day deadline for filing objections has passed, and neither party has objected to the Report. *See generally* Docket. When a magistrate judge's Report and Recommendation has been properly objected to, district courts must review that disposition *de novo*. *See* FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985)

("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988).

Having reviewed the Report, the record, and the applicable law—and finding no clear error on the face of the Report—we hereby **ORDER and ADJUDGE** as follows:

1. The Report and Recommendation [ECF No. 58] is **ACCEPTED and ADOPTED** in full.
2. The Motion for Attorney Fees [ECF No. 54] is **GRANTED in part** and **DENIED in part**.
    a. We enter attorneys' fees in favor of the Defendant for $33,899.80.
3. This case shall remain **CLOSED**. All deadlines are **TERMINATED**.

**DONE AND ORDERED** in the Southern District of Florida on October 14, 2026.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record